# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:09-cr-188-LJM-KPF |
| ) | |
| DAVID METZGER, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

There is a worthy tradition that death in prison is not to be ordered lightly, and the probability that a convict will not live out his sentence should certainly give pause to a sentencing court. ***United States v. Crickton***, 240 F.3d 652, 656 (7th Cir. 2001); ***United States v. Jackson***, 835 F.2nd 1195, 1200 (7th Cir. 1988) (Posner, J., concurring). Death is by universal consensus a uniquely traumatic experience, and prison often deprives defendants of the ability to be with their families or to otherwise control the circumstances of their death. A sentence that forces this experience on a prisoner is quantitatively more severe than a sentence that does not consume the entire any of a defendant's life, inflicting greater punishment and creating a stronger deterrent effect. ***United States v. Wurzinger***, 467 F.3d 649, 652 (7th Cir. 2006).

18 U.S.C. §3553(a) directs the court to impose "a sentence sufficient, but not greater than necessary, to comply with" the various statutory sentencing purposes

set out in the statute. A sentence greater than the lifetime of a defendant would seem, by definition, greater than necessary to fulfill any sentencing statutory goal. Mr. Metzger, a first offender who has accepted responsibility for his offenses, should not receive effectively the same sentence as a person who has murdered children . Desmond Turner, recently convicted after a jury trial of the murder of seven, including three small children, in the Indianapolis Hamilton Avenue murders received a sentence of life in prison. http://www.wthr.com/global/story.asp?s=11374131, last visited May 10, 2010. Something less than a de facto life sentence is an appropriate disposition in Mr. Metzger's case.

Mr. Metzger comes before the court a 54-year-old white male suffering from diabetes. Putting aside Mr. Metzger's health considerations, he may statistically be expected to live another 25.1 years. National Center for Disease Control and Prevention, National Vital Statistics Reports, volume 54, number 14, April 19, 2006, Table 2, Life Table for Males: United States, revised March 28, 2007. Setting aside health considerations, a sentence of 29.5 years, considering good time credit, would result in service of a 25.1 year sentence. Men with diabetes have an approximate reduction in total life expectancy of 7.5 years related to men of the same age without diabetes. ***Diabetics Aged 50 Lose Eight Years of Healthy Life***, http://www.theheart.org/article/796683.do, last visited May 10, 2010, reviewing, Franco OH, Steyerberg EW, ***Associations of diabetes mellitus with total life expectancy and life expectancy with and without cardiovascular disease***. Arch

Inter Med 2007, 167:1145-1151.  A federal sentence of 20.7 years, considering current good time credit benefits, would result in a sentence of 17.6 years having been served – Mr. Metzger's expected life span as a diabetic.  A sentence in excess of 20.7 years carries an ever- increasing likelihood of resulting in a functional life sentence.

History and Characteristics.  Mr. Metzger, age 54, comes before the court following his prompt pleas of guilty to charges of production and possession of child pornography without any prior criminal history.  He served his country honorably in the United States Navy for nine years and received an honorable discharge in 1984.  He received a Naval Achievement medal, Humanitarian Service medal, and Good Conduct medal while in the service.  His service included attachments to naval destroyers *Foster* and *David R. Ray* with deployments that included Korea, following the assassination of President Park Chung-Hee in 1979, and the Persian Gulf during the Iran hostage crisis in 1980. Mr.  Metzger was steadily and gainfully employed as an electrician following his Navy service until laid off from Chrysler in Kokomo in 2008. He has had no alcohol or drug issues throughout his life.  His personal life has been marked by acts of kindness and civic good works, as alluded to in the various letters submitted on his behalf.

Nature of the Offense.  As offensive and serious as the offense conduct is in this case, the case does not present some of the more aggravating circumstances

commonly seen in such matters.  Perhaps most significantly, the images which Mr. Metzger has admitted having produced were not shared with others or posted to the internet. While the child victims in this case may well experience enduring effects of the offenses, they will not have to suffer the repeated injury that occurs when images are continuously accessed or traded by others.  The sentencing in this case, hopefully, will be the only event to which victim impact notices need be directed to the Jane Does referenced in this case.  The conduct directed or encouraged by Mr. Metzger that is depicted in the various videos involved in this case did not involve painful or masochistic events, a factor that all too often aggravates the nature of similar offenses.

Societal Factors.  Some lengthy term of years is likely necessary to reflect the seriousness of these offenses, promote respect for the law, provide just punishment, deter future conduct, and provide the kind of correctional treatment called for in this case.  The defense would ask the court to consider that a sentence that would confine Mr. Metzger until age has rendered him safe, followed by lifetime supervised release would meet these goals.

Some proportionality in sentencing of offenders in the circumstances of Mr. Metzger would seem worthy of attention.  A sentence certain to result in death in prison in this case leaves no room for incremental punishment for the worse cases and repeat offenders who make their way into the system.  Mr. Metzger's crimes are serious, but, "A civilized society locks up such people until age makes

them harmless but it does not keep them in prison until they die." ***United States v. Jackson***, 835 F.2nd 1195, 1200 (7th Cir. 1988) (Posner, J., concurring).

          Respectfully submitted,

          /S/ William H. Dazey, Jr.
            William H. Dazey, Jr.
          111 Monument Circle, Suite 752
          Indianapolis, IN 46204
          (317) 383-3520

## CERTIFICATE OF SERVICE

    I certify a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Gayle Helart

          /S/ William H. Dazey, Jr.
          William H. Dazey, Jr.